UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SEAN MCTERRELL,

                    Plaintiff,

         -v-

NEW YORK CITY HEALTH AND HOSPITALS
CORPORATION, JANE DOE, JOHN DOE, and
DOCTOR(S),

                 Defendants.

19 Civ. 4469 (PAE) (SDA)

OPINION & ORDER

---

PAUL A. ENGELMAYER, District Judge:

Plaintiff Sean McTerrell, proceeding *pro se*, brings this action pursuant to the Civil

Rights Act of 1964, 42 U.S.C. § 1983, alleging that he was forcibly medicated and subjected to

intrusive medical procedures against his will while at Bellevue Hospital ("Bellevue"). Dkt. 2

("Compl.").

On July 23, 2019, defendant New York City Health and Hospitals Corporation ("HHC"),

which operates Bellevue, filed a motion to dismiss the complaint, accompanied by an attorney

declaration ("Nash Decl.") and a memorandum of law ("Def. Mem."). Dkt. 12. On September

13, 2019, McTerrell filed papers in opposition to HHC's motion to dismiss, Dkt. 16 ("Pl.

Resp."). On September 30, 2019, HHC filed a reply memorandum of law, Dkt. 17 ("Def.

Reply").

Before the Court is the November 26, 2019 Report and Recommendation of the

Hon. Stewart D. Aaron, United States Magistrate Judge. Dkt. 19 ("Report"). The Report

recommends that the Court (1) grant HHC's motion to dismiss McTerrell's claim, (2) dismiss

*sua sponte* McTerrell's claims against the individual defendants without prejudice, and (3) give

1

McTerrell leave to amend. On December 19, 2019, McTerrell submitted his objections to the Report. Dkt. 20 ("Objections").

For the following reasons, the Court adopts the Report in its entirety.

I. **Background**

The Court adopts the Report's account of the facts and procedural history, to which McTerrell does not object. The following summary captures the limited facts necessary to assess the issues presented.

A. **McTerrell's Complaint**

McTerrell alleges that, on an unknown date, unknown members of Bellevue's emergency room and Intensive Care Unit ("ICU") staff—including administrative directors, nurse administrators, the charge nurse, treating doctor(s), and treating nurse(s)—used excessive force while treating him, namely by, "holding [him] down and injecting [him]" in his penis with a drug against his will. Compl. at 2. McTerrell alleges that, as a result, he has blackouts, memory loss, headaches, and nightmares, and that he has lost his apartment, job, and possessions. *Id.* McTerrell has been incarcerated since July 10, 2015. *See* Nash Decl. ¶ 5.

Although McTerrell does not specify the dates of his treatment, HHC represents that he was last admitted to Bellevue between February 22 and February 24, 2008. Nash Decl. ¶ 4. HHC represents that only admitted patients are sent to the ICU and that McTerrell was so admitted during his February 2008 hospitalization. *Id.*

B. **Judge Aaron's Report & Recommendation**

In his Report, Judge Aaron recommends that the Court grant HHC's motion to dismiss for two reasons. First, there is a high likelihood that McTerrell's claims are time barred. Report at 6–7. Second, even if McTerrell's claims are not time barred due to equitable tolling, Judge

Aaron concludes that McTerrell has failed to state a claim under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978), which governs municipal liability under 42 U.S.C. § 1983. Report at 7–8.

Judge Aaron further recommends that, to the extent that McTerrell's complaint could be liberally construed to bring additional unarticulated causes of action, these also be dismissed. Specifically, Judge Aaron identifies, and recommends dismissing, a tort claim, an ADA discrimination claim, and a claim against Bellevue's CEO. The Report also recommends that the Court dismiss McTerrell's allegation of a conspiracy to violate his civil rights in violation of 42 U.S.C. § 1985(3), an allegation raised for the first time in his opposition to HHC's motion to dismiss. Report at 9–10.

Finally, Judge Aaron recommends that the claims against the individual defendants, Jane Doe and John Doe, be dismissed *sua sponte*. Report at 10.

## C.    McTerrell's Objections

McTerrell timely filed his objections to the Report. In sum, his objections consist of the following six points, each in the form of either an argument or a factual allegation.

First, he alleges that he was unaware of his surroundings during his hospitalization because he was in a state of narcolepsy. Objections ¶ 1. Second, to support a discrimination claim, he alleges that he is disabled because he has "mental illness(es)." *Id.* Third, he admits that Bellevue did not treat him after February 22, 2008, *id.* ¶ 2, although he later asserts that his claim is tolled and thus is not time barred because his "injury is on going," *id.* at ¶ 4. Fourth, he reasserts his conspiracy claim. *Id.* ¶ 2. Fifth, he argues that municipalities are liable for "poorly trained staff who [cause] injury to the hospital patients under A.D.A. Laws." *Id.* at ¶ 3. Finally,

he requests the Court's assistance in identifying the individual defendant doctors, and asserts that his allegations give rise to a claim under the Eighth Amendment. *Id.* at 1.

## II. Discussion

### A. Applicable Legal Standards

#### 1. Reports and Recommendations

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When specific objections are made, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). To accept those portions of the report to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009) (quoting *Wilds v. U.P.S.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)); *see also Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006).

To the extent that the objecting party makes only conclusory or general objections, or simply reiterates the original arguments, the court will review the Report and Recommendation strictly for clear error. *See Dickerson v. Conway*, No. 08 Civ. 8024 (PAE), 2013 WL 3199094, at *1 (S.D.N.Y. June 25, 2013); *Kozlowski v. Hulihan*, Nos. 09 Civ. 7583, 10 Civ. 0812 (RJH), 2012 WL 383667, at *3 (S.D.N.Y. Feb. 7, 2012). This is so even in the case of a *pro se* plaintiff. *See Telfair v. Le Pain Quotidien U.S.*, No. 16 Civ. 5424 (PAE), 2017 WL 1405754, at *1 (S.D.N.Y. Apr. 18, 2017) (citing *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009)). Further, "[c]ourts generally do not consider new evidence raised in objections

to a magistrate judge's report and recommendation." *Tavares v. City of New York*, No. 08 Civ. 3782 (PAE), 2011 WL 5877548, at *2 (S.D.N.Y. Nov. 23, 2011) (citation omitted).

### 2.    Motions to Dismiss Under Rule 12(b)(6)

To survive a motion to dismiss under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will only have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint is properly dismissed where, as a matter of law, "the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558. When resolving a motion to dismiss, the court must accept as true all well-pled factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Steginsky v. Xcelera, Inc.*, 741 F.3d 365, 368 (2d Cir. 2014). That tenet, however, "is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Pleadings that offer only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

Where, as here, the plaintiff is *pro se*, his complaint must be construed "liberally, reading it with special solicitude and interpreting it to raise the strongest claims that it suggests." *J.S. v. T'Kach*, 714 F.3d 99, 103 (2d Cir. 2013) (quoting *Harris v. City of New York*, 607 F.3d 18, 24 (2d Cir. 2010)). This mandate "applies with particular force when a plaintiff's civil rights are at issue." *Maisonet v. Metro. Hosp. & Health Hosp. Corp.*, 640 F. Supp. 2d 345, 348 (S.D.N.Y. 2009). Consistent with that approach, factual allegations made in a *pro se* plaintiff's opposition papers, or the attachments thereto, may be considered "as supplementing the Complaint, at least to the extent they are consistent with the allegations in the Complaint."

*George v. Pathways to Hous., Inc.*, No. 10 Civ. 9505 (ER), 2012 WL 2512964, at *6 n.7 (S.D.N.Y. June 29, 2012).

However, *pro se* status "does not exempt a party from compliance with relevant rules of procedural and substantive law." *Maisonet*, 640 F. Supp. 2d at 348 (internal quotation marks and citation omitted). Thus, even a *pro se* plaintiff "must state a plausible claim for relief." *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013). And the court need not accept allegations that are "contradicted by other matters asserted or relied upon or incorporated by reference by a plaintiff in drafting the complaint." *Fisk v. Letterman*, 401 F. Supp. 2d 362, 368 (S.D.N.Y. 2005).

### 3.    Municipal Liability Under 42 U.S.C. § 1983

Forced medication constitutes a significant deprivation of liberty requiring due process protection. *See Washington v. Harper*, 494 U.S. 210, 229 (1990). But a municipality can be held liable under § 1983 for its employees' unconstitutional actions only if it is the "execution of a government's policy or custom . . . [that] inflicts the injury." *Monell*, 436 U.S. at 694. Therefore, "a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007) (citation omitted).

There are four ways to establish the first element, the existence of an official policy or custom. A plaintiff may plead that the constitutional violation was caused by: "(1) a formal policy officially endorsed by the municipality; (2) actions taken by government officials responsible for establishing the municipal policies that caused the particular deprivation in question; (3) a practice so consistent and widespread that, although not expressly authorized, constitutes a custom or usage of which a supervising policy-maker must have been aware; or (4) a failure by policymakers to provide adequate training or supervision to subordinates to such

6

an extent that it amounts to deliberate indifference to the rights of those who come into contact with municipal employees." *Brandon v. City of New York*, 705 F. Supp. 2d 261, 276–77 (S.D.N.Y. 2010) (internal citations omitted); *see also Spears v. City of New York*, No. 10 Civ. 3461 (JG), 2012 WL 4793541, at *11 (E.D.N.Y. Oct. 9, 2012). A single occurrence does not give rise to liability unless caused by an official policy or the decision of a final policymaker. *See Roe v. City of Waterbury*, 542 F.3d 31, 37 (2d Cir. 2008).

### B.    Application

#### 1.    The Timeliness of McTerrell's Complaint

HHC, stating that its records show that McTerrell was last admitted in February 2008, argues in its motion to dismiss that McTerrell's § 1983 claims are time barred in light of New York's three-year statute of limitations. Def. Mem. at 8; *see* Nash Decl. ¶ 4. This argument carries weight. Even construing the facts in the light most favorable to McTerrell, he could not plausibly have been treated by Bellevue within three years of filing his complaint in 2019 because he has undisputedly been incarcerated since July 2015. Moreover, although McTerrell's initial complaint omitted the specific date of the incident, he now admits in his Objections that Bellevue has not treated him since his February 22, 2008 hospitalization, Objections ¶ 2, which is consistent with HHC's account of the date in question, *see* Nash Decl. ¶ 4.

The Report finds that McTerrell's claims are likely time barred, but ultimately recommends dismissing the complaint on the alternative ground that McTerrell has failed to adequately plead a prima facie case of § 1983 discrimination under *Monell*. Report at 6–7. In his objections, as to the apparent time bar, McTerrell asks that his claim be equitably tolled because his "injury is on[]going." Objections ¶ 4. He further alleges that he was unaware of his surroundings at the time of the incident because he was in a state of narcolepsy. Objections ¶ 1.

7

The Court, with Judge Aaron, agrees that it is not necessary to resolve definitively whether McTerrell's claim is untimely or sufficiently tolled. That is because the Court, again with Judge Aaron, finds that the complaint's failure to state a claim under § 1983 independently requires dismissal.

### 2. McTerrell's Claim Against HHC Is Dismissed For Failure to State a Proper § 1983 Claim Under *Monell*

Because HHC is a municipal corporation, McTerrell's § 1983 claim is governed by *Monell*. Accordingly, HHC cannot be held liable for its employees' unconstitutional acts under a theory of *respondeat superior* alone. *See Rookard v. Health and Hosps. Corp.*, 710 F.2d 41, 45 (2d Cir. 1983). Instead, McTerrell must plead and ultimately prove that the violation of his constitutional rights during his hospitalization was pursuant to an official policy or custom of the city government.

McTerrell has failed to allege any such policy, let alone in a non-conclusory specific manner. To the contrary, he alleges that Bellevue violated "*its own policy* to render adequate medical service to persons under urgent care." Pl. Resp. at 2 (emphasis added). This allegation itself undermines any claim of a municipal policy that directed HHC's allegedly unconstitutional acts. *See Sullivan v. City of New York*, 690 F. App'x 63, 67 (2d Cir. 2017). And McTerrell does not allege that Bellevue or HHC engaged in a custom of violating this policy. He therefore has not stated a proper claim under *Monell*. The Court adopts Judge Aaron's recommendation that his § 1983 claim be dismissed.

### 3. McTerrell's Claims Against Individual Defendants Are Dismissed For Failure To Provide Information That Would Assist Their Identification

On May 22, 2019, in its order of service, the Court ordered McTerrell, within 30 days, either to identify the individual defendants John and Jane Doe, or to provide detailed, descriptive

information that would aid HHC and the Court in identifying the individual defendants.  Dkt. 6.

McTerrell failed to do so.  On July 31, 2019, Judge Aaron instructed McTerrell to provide HHC

and the Court with such information by September 16, 2019.  Dkt. 15.  McTerrell again failed to

do so.  Judge Aaron therefore recommends that McTerrell's claims against the individual

defendants be dismissed *sua sponte*.

In his Objections, McTerrell again requests the Court's assistance in identifying the

individual defendant doctors.  Objections at 1.  But the Court cannot provide such assistance

without the identifying information repeatedly sought from McTerrell.  The Court therefore

adopts Judge Aaron's recommendation and dismisses all individual defendants in this matter.

This dismissal is without prejudice.

### 4. McTerrell's Remaining Claims

Construing McTerrell's complaint liberally, Judge Aaron identified a number of

additional claims that it potentially raises, and recommends that each be dismissed.  Report at 9–

10.  First, to the extent McTerrell purports to bring a tort claim, Judge Aaron recommends that

such be dismissed in light of McTerrell's failure to file a timely notice of claim.  Report at 9.

That is correct.  A tort action cannot be maintained against a municipality or any of its officers,

agents, or employees unless, *inter alia*, "the action is commenced within one year and ninety

days after . . . the event upon which the claim is based." N.Y. Gen. Mun. Law § 50-I.  While

"New York's notice of claim requirements are not applicable to section 1983 claims brought in

federal court . . . the requirements do apply to state law personal injury claims that are brought in

federal court as related to section 1983 cases." *Gibson v. Comm'r of Mental Health*, No. 04 Civ.

4350 (SAS), 2006 WL 1234971, at *5 (S.D.N.Y. May 8, 2006).  Federal courts lack jurisdiction

to hear complaints from plaintiffs who have failed to file a timely notice of claim, or to grant

permission to file a late notice. *Id.* Because this defect is not curable, the Court dismisses this claim with prejudice.

Second, to the extent that McTerrell purports to bring a discrimination claim, Judge Aaron found that McTerrell has not alleged facts to suggest he was treated differently from others on the basis of his claimed disability. Report at 9. In his objections, McTerrell alleges that he is disabled because he has "mental illness(es)." Objections ¶ 1. But he has not alleged any facts to suggest that he was treated differently on the basis of this, or any other, disability. *See Hargrave v. Vermont*, 340 F.3d 27, 34–35 (2d Cir. 2003). And although McTerrell declares that municipalities "are liable" for "poorly trained staff who [cause] injury to the hospital patients under A.D.A. Laws," Objections ¶ 3, this statement is improperly conclusory. *See Iqbal*, 556 U.S. at 678. McTerrell has not identified any new facts that support his claims. As such, the Court adopts Judge Aaron's recommendation and dismisses any purported discrimination claim. The dismissal of this claim is without prejudice.

Third, to the extent that McTerrell can be construed to bring any claim against Bellevue's CEO, Judge Aaron recommends dismissal because McTerrell neither named Bellevue's CEO in his complaint nor alleged sufficient facts regarding the CEO's involvement. Report at 9. Although McTerrell states in his objections that "the C.E.O. of the hospital knew and did nothing," Objections ¶ 2, that claim is conclusory. McTerrell still does not plead sufficient plausible facts that support such a claim. The Court, with Judge Aaron, dismisses any purported claim against Bellevue's CEO. The dismissal of this claim is without prejudice.

Fourth, in his opposition to the motion to dismiss, McTerrell for the first time pursued a claim of conspiracy under 42 U.S.C. § 1985(3). Pl. Resp. at 4. Judge Aaron recommends that this claim be dismissed because McTerrell does not plead sufficient facts to make out a prima

facie case of conspiracy.  Report at 9–10.  In his objections, McTerrell reasserts this conspiracy

claim, Objections ¶ 2, but again fails to allege concrete facts making this claim plausible.  Thus,

the Court adopts Judge Aaron's recommendation and dismisses this claim without prejudice.

Finally, in his objections, McTerrell newly pursues relief under the Eighth Amendment.

*Id.* ¶ 1.  Like the § 1985(3) claim of conspiracy, no such claim appears on the face of McTerrell's

complaint.  Nor has McTerrell recited facts to make out an Eighth Amendment claim, even in his

Objections.  This claim is therefore dismissed without prejudice.

### CONCLUSION

For the foregoing reasons, the Court adopts Judge Aaron's November 26, 2019 Report

and Recommendation in its entirety, Dkt. 19, and grants HHC's motion to dismiss, Dkt. 12.

With the exception of any tort claims, which are barred by New York's notice of claim

requirements, *see supra* pp. 9–10, McTerrell's claims are dismissed without prejudice.  The

Court grants McTerrell leave, within 30 days, to file an amended complaint.  If no such

complaint is filed within 30 days, this case will be closed.

The Court respectfully directs the Clerk of Court to terminate the motion pending at

docket 12.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: March 30, 2020
      New York, New York