USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/1/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Sean McTerrell,

                              **Plaintiff,**

-against-

New York City Health and Hospitals Corporation, et al.,

                              **Defendants.**

1:19-cv-04469 (PAE) (SDA)

**ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

      Currently before the Court is Plaintiff's Letter Motion requesting the following relief: (1) the appointment of pro bono counsel; (2) partial payment of the filing fee; (3) an extension of time to file an Amended Complaint, if a pro bono attorney is not appointed; and (4) discovery from Defendants, including additional information regarding the identity of the individual defendants. (*See* ECF No. 23.) For the reasons set forth below, Plaintiff's request for an extension of time is GRANTED; Plaintiff's motion for appointment of pro bono counsel is DENIED WITHOUT PREJUDICE and Plaintiff's remaining motions are DENIED.

**I.     Plaintiff's Motion For Appointment Of Counsel**

      The *in forma pauperis* statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, in civil cases there is no requirement that courts supply indigent litigants with counsel. *See Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, courts have "broad discretion" when deciding whether to grant an indigent litigant's request for pro bono representation. *See id.* Even if a court believes that a litigant should have a free lawyer, under the *in forma pauperis statute*,

a court has no authority to "appoint" counsel, but instead, only may "request" that an attorney volunteer to represent a litigant. *See Mallard v. US. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301-310 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts therefore must grant applications for pro bono counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. *See Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In *Hodge*, the Second Circuit set forth the factors a court should consider in deciding whether to grant an indigent litigant's request for pro bono counsel. 802 F .2d at 61-62. Of course, the litigant first must demonstrate that he or she is indigent, for example, by successfully applying for leave to proceed *in forma pauperis*. The court then must consider whether the litigant's claim "seems likely to be of substance"— "a requirement that must be taken seriously." *Id.* at 60-61. If these threshold requirements are met, the court next must consider such factors as: the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues, and any special reason in that case why appointment of counsel would be more likely to lead to a just determination. *Id.*; *see also Cooper*, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel). In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. *See Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Rather, each application must be decided on its own facts. *See Hodge*, 802 F.2d at 61.

On the current record, the Court cannot determine that Plaintiff's claims are "likely to be of substance." *Hodge*, 802 F.2d at 61-62. In particular, it appears that Plaintiffs claims may be time-barred. Moreover, Plaintiff has not shown, pursuant to the remaining *Hodge* factors, that his claims are such that he would be unable to research and present his case or that the appointment of counsel would be more likely to lead to a just determination. For these reasons, Plaintiff's application for the appointment of pro bono counsel is DENIED WITHOUT PREJUDICE.

## II.     Payment Of Filing Fee

Pursuant to the Prison Litigation Reform Act, a prisoner who brings a civil action *in forma pauperis* still is required to pay the full amount of the filing fee. *See* 28 U.S.C. § 1915(b)(1). The statute provides that "[t]he court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of (A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6–month period immediately preceding the filing of the complaint or notice of appeal." *Id.* Thereafter, "the prisoner must make monthly payments in the amount of 20% of the income credited to his account in the preceding month, so long as the account contains more than $10, until the entire fee is paid." 28 U.S.C. § 1915(b)(2); *see also Arzuaga v. Quiros*, 781 F.3d 29, 34-35 (2d Cir. 2015). To the extent that Plaintiff is seeking some sort of waiver of these payments, the Court is aware of no authority to grant such waiver. *See, e.g., Porter v. Dep't of Treasury*, 564 F.3d 176, 180 (3d Cir. 2009) (court had "no authority" to waive fees under PLRA). Accordingly, Plaintiff's motion regarding the filing fee is DENIED.

**III.     Extension Of Time To File Amended Complaint**

In light of Plaintiff's *pro se* status and the current public health crisis, Plaintiff's motion for an extension of time to file an Amended Complaint is GRANTED. Plaintiff shall file his Amended Complaint no later than June 30, 2020.

**IV.     Discovery**

Plaintiff's request for discovery is DENIED as premature. Plaintiff may be entitled to discovery at the appropriate time, in accordance with the Federal Rules of Civil Procedure. With respect to Plaintiff's request for additional information regarding the "Doe" defendants named in the original Complaint, the Court ordered Plaintiff to provide additional descriptive information regarding the individuals to permit Defendant HHC to identify them. (5/22/2019 Order of Service, ECF No. 6, at 3; *see also* 7/31/2109 Order, ECF No. 15.) To date, Plaintiff has failed to do so. Plaintiff must provide additional information regarding these individuals to enable Defendant HHC to identify them. Plaintiff is reminded that failure to do so will result in a renewed recommendation to the District Judge that his claims against the unnamed individuals be dismissed. (*See* 11/26/2019 Report & Recommendation, ECF No. 19, at 10.)

For the reasons set forth above, Plaintiff's motion for an extension of time to file an Amended Complaint is GRANTED. Plaintiff shall file an Amended Complaint no later than June 30, 2020. Plaintiff's remaining motions are DENIED. A copy of this Order will be mailed to the *pro se* Plaintiff by Chambers.

**SO ORDERED.**

DATED:   New York, New York
　　　　　May 1, 2020

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　STEWART D. AARON
　　　　　　　　　　　　　　　　　　　United States Magistrate Judge