UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Sean McTerrell,

                                          Plaintiff,

              -against-

New York City Health and Hospitals
Corporation et al.,

                                          Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  9/17/2020
```

1:19-cv-04469 (PAE) (SDA)

**REPORT AND RECOMMENDATION**

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE.**

**TO THE HONORABLE PAUL A. ENGELMAYER, UNITED STATES DISTRICT JUDGE:**

*Pro se* plaintiff Sean McTerrell ("Plaintiff" or "McTerrell") brings this action, pursuant to 42 U.S.C. § 1983, alleging that he was subjected to excessive force, *i.e.*, that he was forcibly medicated and subjected to intrusive medical procedures against his will. (Am. Compl., ECF. No. 25, at 1-2.) Before the Court is a motion by Defendant New York City Health and Hospitals Corporation ("HHC") to dismiss Plaintiff's Amended Complaint. (Not. of Mot., ECF No. 28.) For the reasons set forth below, I respectfully recommend that HHC's motion be GRANTED and that Plaintiff's claims against the individual Jane Doe and John Doe defendants be dismissed with prejudice.

**PROCEDURAL HISTORY**

On November 26, 2019, I issued a Report and Recommendation ("Report") recommending that Defendant HHC's motion to dismiss Plaintiff's initial Complaint be granted. *McTerrell v. New York City Health & Hosps. Corp.*, No. 19-CV-04469 (PAE) (SDA), 2019 WL 8989862, at *6 (S.D.N.Y. Nov. 26, 2019). I found that Plaintiff failed to "allege a policy or custom

of HHC that caused his constitutional rights to be violated, as the law requires." *Id*. at *4. In addition, I recommended that the claims against the individual Jane Doe and John Doe defendants be *sua sponte* dismissed without prejudice since Plaintiff had failed to "provide[] information to enable the HHC and the Court to identify the individual defendants." *Id*. at *5.  I also recommended that Plaintiff be given leave to amend his complaint. *Id*.

On March 30, 2020, my Report was adopted in its entirety by Judge Engelmayer. *McTerrell*, 2020 WL 1503194, at *5 (S.D.N.Y. Mar. 30, 2020). Judge Engelmayer granted Plaintiff leave to file an amended complaint within 30 days. *Id*. Plaintiff later sought an extension of time to file his amended complaint (4/29/20 Pl. Ltr., ECF No. 23), which was granted by me in an Order, dated May 1, 2020. (5/01/20 Order, ECF No. 24.) In my May 1 Order, I extended the deadline for Plaintiff to file an amended complaint until June 30, 2020. (*Id*.)

On May 14, 2020, there was filed on the ECF docket in this case a letter from Plaintiff, dated April 27, 2020, which contains various claims against HHC and John and Jane Doe defendants, among others, and which the Court has construed as Plaintiff's Amended Complaint.[1] (Am. Compl. at 1-4.) On August 5, 2020, HHC filed papers in support of its motion to dismiss the Amended Complaint. (*See* Not. of Mot.; Nash Decl., ECF No. 28-1; HHC Mem., ECF No. 28-2.)

---

[1] Since Plaintiff's submission was prepared prior to my May 1, 2020 Order granting him an extension of time to file an amended complaint, I entered an Order providing that Plaintiff still had until June 30, 2020 to file his amended complaint, but, if he did not file a subsequent amended complaint, I would construe the April 27, 2020 letter as the amended complaint. (5/15/20 Order, ECF No. 26.) On July 31, 2020, I issued an Order construing the April 27, 2020 letter to be the amended complaint as Plaintiff had made no filings before June 30. (7/31/20 Order, ECF No. 27.) Thus, Plaintiff's April 27, 2020 letter constitutes the Amended Complaint in this action.

On August 5, 2020, HHC's motion was referred to me for a Report and Recommendation. (Am. Order of Ref., ECF No. 30.) Also on August 5, 2020, I entered an Order providing that Plaintiff shall file his opposition to the motion to dismiss no later than September 4, 2020 and that any reply shall be filed no later than September 18, 2020. (8/5/20 Order, ECF No. 29.)

On September 11, 2020, Plaintiff filed his opposition. (Pl.'s Opp., ECF No. 31.) On September 17, 2020, Defendant HHC filed its reply. (Reply, ECF No. 32.)

## BACKGROUND[2]

McTerrell alleges that, "on Feb[ruary] 22 [through] Feb[ruary] 24th 2008," while he was in the Intensive Care Unit at Bellevue Hospital,[3] certain HHC employees, who he is unable to identify, used excessive force to hold him down and inject him with a dose of "lethal" medication. (*See* Am. Compl. at 1-4.) He also alleges that these individuals forced a catheter into his penis against his will. (*Id*. at 1.) He alleges that, as a result, he has nightmares, panic attacks, bad headaches, mood swings and black outs. (*See id*. at 3.)

McTerrell's Amended Complaint seeks to state a municipal liability claim against HHC. It alleges: "Actions taken by government officials responsible for establishing the municipal policies that caused the particular deprivation in question and a failure by policymaker[s] to provide adequate training or supervision to subordinates to such an extent that it has amounted to

---

[2] In considering HHC's motion, the Court "accept[s] as true all factual allegations set forth in the complaint and draw all reasonable inferences in favor of the plaintiff. . . . However, this principle is inapplicable to legal conclusions . . . which . . . are disregarded." *Minden Pictures, Inc. v. Buzzfeed, Inc*., 390 F. Supp. 3d 461, 466 (S.D.N.Y. 2019) (citations and internal quotation marks omitted).

[3] Bellevue Hospital is referred to in the Amended Complaint as "Bellview Hosp." (*See* Am. Compl. at 1.)

deliberate indifference to rights of those who come into contact with municipal employees." (Am. Compl. at 3.)[4]

## LEGAL STANDARDS

### I.    Rule 12(b)(6)

To survive a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court "must accept as true all of the factual allegations contained in the complaint[,]" but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation omitted).

The Court is mindful that a *pro se* plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 111 n.5 (1976)). District courts should read the pleadings of a *pro se* plaintiff liberally and interpret them "to raise the strongest arguments they suggest." *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (citation omitted).

### II.    Law Of The Case Doctrine

Under the "law of the case" doctrine, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California*, 460 U.S. 605, 618 (1983); *see also United States v. Carr*, 557 F.3d 93, 102

---

[4] While many of the allegations contained in the Amended Complaint overlap with allegations contained in the initial Complaint, Plaintiff has added to the Amended Complaint the municipal liability allegations set forth in the text above. (*Compare* Am. Compl. *with* Complaint, ECF No. 2.)

(2d Cir. 2009). "Law of the case directs a court's discretion, it does not limit the tribunal's power." *Id.*; *see also Rezzonico v. H & R Block, Inc.*, 182 F.3d 144, 149 (2d Cir. 1999) ("The doctrine expresses, in shorthand fashion, a practice of courts generally not to reconsider that which has already been decided. But it does not purport to be a legally binding limitation on the court's authority to reconsider such matters."). However, "[a] court's reconsideration of its own earlier decision in a case" requires "compelling circumstances, consisting principally of (1) an intervening change in controlling law, (2) new evidence, or (3) the need to correct a clear error of law or to prevent manifest injustice." *Carr*, 557 F.3d at 102.[5]

Here, there has been no intervening change in controlling law and Plaintiff has come forth with no new evidence. Moreover, there was no clear error of law in the Court's prior rulings in this case. Based upon those prior rulings, as discussed below, HHC's motion to dismiss the Amended Complaint should be granted and this case should be dismissed with prejudice.

## DISCUSSION

### I.   Plaintiff's Claims Against HHC Should Be Dismissed

As Judge Engelmayer previously held in this case, in order to state a claim against HHC, Plaintiff "must plead and ultimately prove that the violation of his constitutional rights during his hospitalization was pursuant to an official policy or custom of the city government." *McTerrell*, 2020 WL 1503194, at *4. With respect to Plaintiff's initial Complaint, Judge Engelmayer held:

---

[5] HHC had argued that the Amended Complaint should be dismissed pursuant to the doctrine of collateral estoppel. (HHC Mem. at 10-12; Reply at 2-5.) "Collateral estoppel . . . means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Abbas Corp. (Pvt) Ltd. v. Michael Aziz Oriental Rugs, Inc.*, No. 14-CV-06771 (VM), 2018 WL 1779380, at *3 (S.D.N.Y. Apr. 3, 2018) (citation omitted). In the present case, there was no final judgment. Rather, Plaintiff was given leave to amend his Complaint. Thus, the collateral estoppel doctrine has no application here.

"McTerrell has failed to allege any such policy, let alone in a non-conclusory specific manner. To the contrary, he alleges that Bellevue violated 'its own policy to render adequate medical service to persons under urgent care.'" *Id*.

In his Amended Complaint, Plaintiff alleges that what occurred to him was "a breach of H.H.C.['s] own policies." (Am. Compl. at 2.) Again, Plaintiff has not pled that HHC had a policy to deprive him of his constitutional rights, but has pled that the individual defendants violated HHC's policies. Thus, Plaintiff's Amended Complaint does not state a claim against HHC.

## II.      Plaintiff's Claims Against The Individual Defendants Should Be Dismissed

In his prior Opinion, Judge Engelmayer dismissed the claims against the individual Jane and John Doe Defendants, noting that Plaintiff had failed to provide "identifying information" with respect to these defendants that had been "repeatedly sought" from him. *McTerrell*, 2020 WL 1503194, at *4. In the Amended Complaint and in opposition to HHC's motion to dismiss the Amended Complaint, Plaintiff again has failed to provide any identifying information. Thus, the claims against the individual defendants once again should be dismissed.

## III.      Plaintiff's  Remaining Claims Should Be Dismissed

Liberally construed, the Amended Complaint—like the initial Complaint before it—also may seek to assert a tort claim and a discrimination claim pursuant to the Americans with Disabilities Act, as well as other claims. (*See* Am. Compl. at 2-4.) These claims previously were dismissed by Judge Engelmayer, *see McTerrell*, 2020 WL 1503194, at **4-5, but Plaintiff pleads no additional facts in the Amended Complaint to support these claims. Thus, once again, Plaintiff's remaining claims should be dismissed.

**IV.**     <u>**Plaintiff Should Not Be Given Further Leave to Amend**</u>

"The Second Circuit has instructed courts not to dismiss a complaint 'without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Howard v. Brown*, No. 15-CV-09930 (ER), 2018 WL 3611986, at *6 (S.D.N.Y. July 26, 2018) (quoting *Shabazz v. Bezio*, 511 F. App'x 28, 31 (2d Cir. 2013)). However, where "the Court has put Plaintiff on notice of the deficiencies in his original complaint and given him an opportunity to correct these deficiencies in an Amended Complaint, but Plaintiff has failed to do so, dismissal with prejudice is appropriate." *Coon v. Benson*, No. 09-CV-00230 (SCR) (LMS), 2010 WL 769226, at *4 (S.D.N.Y. Mar. 8, 2010). In the present case, the Court detailed the deficiencies in the original complaint and provided Plaintiff leave to amend. However, the Amended Complaint fails to address the deficiencies. Therefore, Plaintiff's claims should be dismissed with prejudice and without further leave to amend.

<u>**CONCLUSION**</u>

For the foregoing reasons, I respectfully recommend that Defendant HHC's motion to dismiss be GRANTED and that the claims against the individual defendants be dismissed with prejudice.  I also recommend that Plaintiff not be given further leave to amend.

The Clerk of Court is directed to mail a copy of this Report and Recommendation to the *pro se* Plaintiff.

**SO ORDERED.**

DATED:      New York, New York
                 September 17, 2020

_____
STEWART D. AARON
United States Magistrate Judge

*　　　　*　　　　*

**NOTICE OF PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

The parties shall have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. *See also* Fed. R. Civ. P. 6(a), (d) (adding three additional days when service is made under Fed. R. Civ. P. 5(b)(2)(C), (D) or (F)). A party may respond to another party's objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Such objections, and any response to objections, shall be filed with the Clerk of the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b). Any requests for an extension of time for filing objections must be addressed to Judge Engelmayer.

**THE FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.** *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b); *Thomas v. Arn,* 474 U.S. 140 (1985).