UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
:
:
SEAN MCTERRELL,                                                   :
:           19 Civ. 4469 (PAE) (SDA)
:
                                PLAINTIFF,        :           ORDER
        -v-                                                       :
:
:
NEW YORK CITY HEALTH AND HOSPITALS                                :
CORPORATION et al.,                                               :
:
                                Defendants.       :
:
------------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

The Court has received and by this order is docketing the attached two letters from plaintiff Sean McTerrell, which respond to the Report and Recommendation recently issued in this matter by the Hon. Steward D. Aaron, United States Magistrate Judge. Dkt. 33 ("Report"). The Court will take into account Mr. McTerrell's submissions in its forthcoming decision on the motion to dismiss that is the subject of the Report.

         SO ORDERED.

                                                        *Paul A. Engelmayer*
                                                        _____
                                                        Paul A. Engelmayer
                                                        United States District Judge

Dated:  October 6, 2020
        New York, New York

UNITED STATES DISTRICT COURT

<u>SOUTHERN DISTRICT OF NEW YORK</u>   1:19 cv 4469

SEAN MCTERRELL, 15a2874   c.p.l.r.3025, 4:307

        plaintiff,   4:323, 4:342

new york CITY HEALTH AND HOSPITALS

<u>CORPORATION ET AL</u>

Please take notice that on the affadavit/declaration of Sean McTerrell attached as exhibit A. That the plaintiff will move the court at United States district Court house at 500 pearl street New York N.Y. 10007, on Oct. 2 2020 at 9:30a.m. or thereafter, for an affirmation in opposition to any motion to dismiss Mr. Mcterrell complaint on the grounds that: on 5-22-2020 trhat this action law suite was referred to Magistrate Judge Stewart D. Aaron for general pretrial (to include scheduling, discovery, non dispostive pretrial motions and settlement. In a report by judge Aaron dated 5/22/2019 Because plaintiff has been granted permission to proceed I.F.P. MOVENT IS ENTITLED TO RELY ON THE court and the U. S. Marsals service to effect services see Walker v Schult 717 fed.3d,119,123 (2d. cir. 2013); 28 U.S.C. pur. 1915(d) (the officers of the court must order the Marshals service to serve all process in [I.F.P]cases)f.ed,R.civ. p 4(c)(3)  ( THE COURT MUST ORDER the marshals serviceto serve if the plaintiff is authorized to proceed [I.F.P.] Rule 4(m) of the fed. r. of civ. pro. generally re quires service of the summons and complaints to be completed with in 90 days, of the date the summons issues. Plaintiff contends that the defendants have notfollowed the courts orders.  plantiff now asks the defense and the court for the bill of particulars so that he can counter the defense and prepare for any legal ation / trial or summary judgement

Page 5

A Pro Bona Lawyer is needed to assist Movent in drafting his Complaint that is consistant with the Law § to 1983 when a party seeks dismissal on Rule 12(B)(6) grounds, the Court must consider the Rule 12(b)(1) motion first, Baldessare v Monroe-Woodbury Cent. Sch. Dist. 820 F.Supp. 2D 490, 499 (S.D.N.Y. 2011) because disposition of rule 12(B)(6) motion is a decision on the merits and therefore, an exercise of jurisdiction (Chambers v-Wright No. 05 Civ. 9915 (WHP) 2007 WL 4462181 at *2 2D. N.Y. Dec 19, 2007. Under §1983 movent has a right secured to him by the Constitution or Federal law that were violated 5th 8th and 14 amendment, committed by a person acting under Color of State Law. §1983 is a procedure for redress for the deprivation of rights that N.Y.C.H.H.C. violated.

In regard to movents 42 U.S.C. §1983, Mr. McTerrell opposes his tort claims, discrimination Claims and Conspiracy Claims under 42 U.S.C. §1985(3) from being dismissed

Respectfully Sean McTerrell

Page 5

A Pro Bona Lawyer is needed to assist Movent, in drafting his Complaint that is consistant with the Law §to 1983 when a party seeks dismissal on Rule 12(B)(6) grounds, the Court must consider the Rule 12(b)(1) motion first, Baldessare v Monroe-Woodbury Cent. Sch. Dist. 820 F.Supp. 2D 490, 499 (S.D.N.Y. 2011) because disposition of rule 12(B)(6) motion is a decision on the merits and therefore, an exercise of jurisdiction (Chambers v-Wright No. 05 Civ. 9915 (WHP) 2007 WL 4462181 at *2 2D. N.Y. Dec 19, 2007. Under §1983 movent has a right secured to him by the Constitution or Federal law that were violated 5th 8th and 14 amendment, Committed by a person acting under Color of State law. §1983 is a procedure for redress for the deprivation of rights that N.Y.C.H.H.C. violated. In regard to movents 42 U.S.C. §1983, Mr. McTerrell opposes his tort claims, discrimination Claims and Conspiracy Claims under 42 U.S.C. §1985(3) from being dismissed

United States District Court
Southern District of New York *

                                                            C.P.L.R. 3025(b)

    Sean Mc Terrell, 18A2874         Fed. R. Civ. Pro. 15-A(a)
              Plaintiff

      -v-

  New York City Health and Hospitals
Corporation, Jane Doe and John Doe and Doctors
                  Defendants

To: Paul A. Engelmayer - United States District Judge

    I Sean McTerrell, A prisoner confined at Five Points Correction facility, has been given permission to proceed forma pauperis and has brought this Action Pro Se, pursuant to 42 U.S.C. § 1983. The Court has given Him permission to replead his Civil rights Claim, § to rule 15 of the Federal Rules of Civil procedure. In accordance with the current order.
Point one, because Movant was in A State of Narcolepsy - H.H.C. employyee(s) should have provided Movant with careful urgent care consistant with his Condition, as opposed to Wanton Recklessness, Malicious-medical negligence, deliberate indifferance, Sexual battery/Assult and cruel and unusual punishment; in violation
of Movents Due process/ equal protection of the law, 8th amendment in relation to the 14th Amentment and their sub sections.
See <Estelle v Gamble at 429 U.S. 97><Farmer v Brennan 511 U.S. 825> and <Johnson v Treen at 759 F.2D.1236.> In S.McTerrell Amended Complaint He intends to sue H.H.C. employees' that on Feb.22 to Feb 24th while in Belliview Hospital located in Mahatten unknown members of Bellevue's emergancy room and Intensive Care Unit Staff - including administrative directors, Nurse Administrators, the Charge Nurse, treating doctor(s) and treating Nurse(s) used excessive force while treating him, namely by holding him down and

Page -2-

Injecting Movant with a lethal injection of A "unknow" drug, Inserting his penis with a catheter against his will, causing him wanton pain and mental Anguish. Those who are liable who cause his Consitutional right to be violated are The defendant who almost took His Life, who Administer the lethal injection, shall be indentified after viewing descovery files/ forms or memo's, to or from the Social Serve's Unit Chief. To include Any H.H.C. (1) offical (s) under the Color of State law and (2) deprived McTerrell, as the result of the challenged conduct of Movants civil right, His privilege or immunity to be free from unlawful Confinement, due to forced hospitalization secured by the Constition or Laws of The United States of America- See <Dwares v City of New York> 985 F.2D 94, 98 (2D 1983). Movant State's that under laws, rules and regulation of: 1396(a)(8),(19) City Defendants are liable (D.A.S.I.S.) for their direct or indirect involvement for H.H.C. Supervisior grossly negligent in Supervising Subordinates who committed wrongful acts of wanton Recklessness, whether intentional or un intentional cause"ng on going erreversable brain, Nervous damage system, loss of employment/Lively hood, memory loss, headaches, panick attack and nightmares that still happens to date H.H.C. did not provide Movant After care for the on going harm even though He was A patient who did not know at the time - that thier help should have been Title 2 made avilable under All A.D.A. Laws and that under the New York State Constitution of The patient Bill of right and a failure by Government Officals and/or policymakers actions not taken, who are responsible for establish ed ing the municipal policies that caused the particular deprivation, in question by not following it's own H.H.C. guildline's and/or follow up treatments of Any kind. I may even have to pay the Hospital Bill. It should Be said that Movant's Constitutional rights were violated by H.H.C. as a whole and that they

should be held Liable for my on going condition(s) that was caused by H.H.C. policy makers and those who were employed by H.H.C. I am sueing all employees' in their Official, Individual Capacity for punitive, compenstory monitary and Nominal damage See< Smith v Wade 461 U.S. 30 (1983) Also Cf. Gertz v Roberts Welch, Inc. 481 U.S. 323, 94 S.ct. 2997, L.ED. 2D 789, Pp, 1631-1637

IN CONCLUSION

I McTerrell the moving party ask that the accur tolling be applied in All fairness. And that Movent is a Layman of the Law, who went to special ED. School and has mental defeats all of his life. He takes respradol for his mental condition This case is like a hit and run. If the defendants Claim that this Court Lacks juristition and they are not Liable and that there is no question at Bar, then they are making a farce and a mockery of this Great Nations Justice system and It would be a cryying shame if Your Honor Engelmayer were to allow any injustice in this case at Bar. With that I am complete. I wish You well.

Respectfully Submitted

Very Truely Yours

Sean Bervil McTerrell

## Affidavit of Service

State of New York)
County of Seneca)ss.:

I, Sean McTerrell being duly sworn, deposes and says:

1. That on 4/27/2020 I did in fact place the designated copies of the following papers in the Mailbox at Five Points Correctional Facility:

    a. Amended Complaint
    b. request for Pro Bono Attorney
    c. request for disclosure(s)
    d. Bill of particular from Ms Nash Esq

2. Said papers were adressed to the following parties:

**Orginal and Duplicate(s)**

Paul A. Engelmayer
United States' District Judge
500 Pearl St. Room 200 Pro Se Dept.
New York, New York 10007

Copy

Law Office of Christine M. Nash ESQ.
110 East 59th Street.
New York, N.Y. 10022

Copy

Self

Very truly yours,

Sean McTerrell

Five Points C.F.
PO Box 119
Romulus, New York 14541

Sworn to before me this
27th day of April, 2020

NOTARY PUBLIC

TYLER CHASE
Notary Public - State of New York
No. 01CH6381894
Qualified in Seneca County
My Commission Expires October 15, 2022

FIVE POINTS CORRECTIONAL FACILITY
STATE ROUTE 96, P.O. BOX 119
ROMULUS, NEW YORK  14541

NAME: Sean McTerrell          DIN: 15A2874    LOC: 10-C1-05B

Rec'd 10/6/20

Paul A Engelmayer

United States District Judge

500 Pearl Street, Room 200

New York, New York,

Five Points Correctional
Facility                    10007
Legal Mail Only

Five Points
Correctional Facility

neopost
10/01/2020
US POSTAGE $000.65⁰

FIRST-CLASS MAIL

ZIP 14541
041M11272007

1 of 2

NEW YORK STATE
DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION
OFFENDER CORRESPONDENCE PROGRAM

NAME: _Sean McTerrell_ DIN: _____

Printed On Recycled Paper

United States District Court
Southern District of New York

Sean McTerrell 15A2874        1:19 CV-04469
        Plaintiff

                              C.P.L.R. 3025, § 4:307
        -v-                   § 4.323, § 4342

New York City Health and Hospitals
Corporation et al

    Please take notice that on the Affidavit/declaration of Sean McTerrell attached as exhibit(A), the plaintiff will move the Court at United States district Court House 500 Pearl Street New York, N.Y. 10007, on Oct. 1 2020 at 9:30 A.m. or there after, for Affirmation in opposition to motion to dismiss complaint on the grounds that:
    On 5-22-2020 that this action law suite was referred to Magistrate Judge Stewart D. Aaron for general Pretrial (to include, scheduling, discovery, Non-dispostive pretrial motions, and settlement. In a report by Judge Aaron dated 5/22/2019 because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect services, See Walker v Schulto, 717 F.3d, 119, 123 (2d Cir. 2013); 28 U.S.C. § 1915(d) (The officers of the Court must order the Marshals Service to serve all process in [IFP] cases.) F.ed. R. Civ. P. 4(c)(3)(The Court must order the Marshals Services to serve if the plaintiff is authorized to proceed <IFP> Rule 4<m> of the Fed. R. of Civ. Pro. generally requires service of the Summons and Complaint to be completed within 90 days of the date the summons issues. Plaintiff contends that the defendants have not followed the Courts order. Instead the H.H.C. Lawyer wants me the plaintiff to pay $74.00

Page 2

for, descoveries. Movent has no moneies to afford decoveries. Movent has repeatly asked Miss Nash E.S.Q for general pretrial hearing to included scheduling, discovery, non-dispostive pretrial hearing and settlements. Plaintiff S.M. has respectfully requested under "Valentin vs Dinkins 121 F.3d 72, 76 (2D Cir, 1997) for this Courts assistance in identifying the John and Jane Does Doctors and Nurses who violated movents rights under The New York Constitution Patient Bill rights all Clauses(s), it's own creed mission statement that D.A.S. and N.Y.C.H.H.C. is bound to by A.D.A. 504, title (1)(2) and the rehabilations Act. If the defendant are under the Color of State, then they are Bared from the 11th amendment and must be found liable for irrepairable damages done to movent. In Document 6 Filed 05/22/19 that if the movent had no more detailed, descriptive information to identify the persons who caused extreme Pain and mental Anguish to the Movent with in 90days, in the alternative, Movent maybe able to amend his Complaint consistent with Rule 15 of the Fed. R. of Civ. Pro. "once he conducts discovery and determines the date, time of the incident and other information. § to Rule 4 Consistant with rule 15, and if necessary an extension of time for service, Meilleur v Strong, 682 F.3d, 56, 63 (2D Cir 2012 also Murray v Pataki 278 F. App'x 50, 51-52 (2d. Cir 2010. It was further ordered that if the marshals S failure to effect service automatically Constitutes "good Cause" for an extension of time within the meaning of rule 4(m)" Mr. McTerrell prayfully requests an extension for His Honor to enforce the orders dated on 5/22/20 Fed. R. Civ. Pro. (FRCP) 15 (c)(2) N.Y.H.C. are not Complying to the Courts order to release discovery so that Movent can help movent to identify N.Y.C.H.H.C. employyees. Movent respectfully requests that The Court allow a Name Correcting Amendment § to rule 4. See Gardener v Gartman 880 F.2d 797 (4th Cir 1987, Rys v U.S. Postal Service 886 F.2D

In movents amended complaint he states that he is sueing N.Y.C. employyes for delibeartly injecting him with a leathal dose of mediciastion that damaged his whole body with an unknown drug

### Triable issues

It is well settled that the drastic remedy of summary judgement should not be granted where there is any doubt as to the existence of triable issues, and issue finding rather than issue determination is the key case and point here. This Court is required to "view the evidence in the light most favorable to the party opposing the motion, giving that party the benefit of every inference and ascertaining whether there exists any triable issues of fact" Sutin v Pawlus 105 Ad 3d, 1295, 1293 [2013] and not doing the opposite, accepting and adopting the facts in the light most negative to the movent. Boston v Dunham 274 AD.2D. 708, 709 [2000]

### Collateral Estoppel

Movent has been given the right to amend/replead pursuant to C.P.L.R 3025(b) In Movents Case, there was no final judgment. Rather, Plaintiff was given leave to amend his complaint. Thus, the collateral estoppel doc. has no application here Stated by Magistrate Judge Stewart D. Aaron

Page -4-

## Municipal Liabilty

Mr. McTerrell states that in Document 22 Filed on 3/30/20 Judge Paul A Engelmayer wrote that Forced medication Constitutes a Significant deprivation of liberty requring due process. Movent states that "A corpation created by and doing business in a particular state, is to be deemed to All intents and purposes as A person, although an artificial person, capable of being treated as a citizen of that state, as much as a natural person" Louisville R Co. v Letson, 2 How, 497, 558, 11 L.Ed. 353 (1844) Persons under Color of State are not Imune from being Sued. Movent is sueing these persons in thier Official capacity and N.Y.C.H.H.C. employees' in thier indiviual capacities or Both and private Person See Parker v Graves, 479 F.2D 335, 336 (F. 5th Cir. 1973) C.F. Fed. R. Civ. P, 9(A) and 17(B) can also be sued personally as well. The recommendation to dissmiss Movents §1983 civil rights claim because he can not afford a Lawyer to help him get discoveries and give the Court a more definate statement, because Movent has been given forma Pauperis Status and movent is a layman of Law.

## Affidavit of Service

State of New York)
County of Seneca)ss.:

I, **Sean McTerrell**, being duly sworn, deposes and says:

1. That on the **9/28/20**, I did in fact place the designated copies of the attached application for **A Reduced Filing Fee** in the mailbox at Five Points Correctional Facility to be duly carried to the following parties:

**Original and __ Copy**

    **Paul A. Engelmayer** County Supreme Court
    **500 Pearl Street** Room 200 Pro Se
    **New York, N.Y.**
    **1007**

**Copy**

    **Attorney C. Nash** County Attorney
    **1205 Franklin Ave. 2nd Floor**
    **Garden City, New York 11530**

Very truly yours,

*Sean McTerrell*

Five Points C.F.
P.O. Box 119
Romulus, New York 14541

Sworn to before me this
29th day of September, 2020

_____ C. B. _____
**NOTARY PUBLIC**

```
ROBERT C BANNISTER
Notary Public, State of New York
       No. 01BA6339512
  Qualified in Seneca County
Commission Expires April 04, 2024
```

FIVE POINTS CORRECTIONAL FACILITY
STATE ROUTE 96, P.O. BOX 119
ROMULUS, NEW YORK  14541

NAME: Sean Mc Terrell       DIN: 15A2874   LOC: 10-C1-5B

Rec'd 10/6/20
mm

Paul A. Engelmayer, District Court Judge
500 Pearl Street, Room 200   Pro Se dept
New York, New York

10007

Five Points Correctional
Facility
Legal Mail Only

FIRST-CLASS MAIL
09/30/2020
US POSTAGE $000.500
ZIP 14541
041M11272007

Five Points Correctional Facility