UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
                                                                        :
SEAN MCTERRELL,                                                         :
                                                                        :      19 Civ. 4469 (PAE) (SDA)
                                                                        :
                              Plaintiff,                                :      OPINION AND ORDER
         -v-                                                            :
                                                                        :
                                                                        :
NEW YORK CITY HEALTH AND HOSPITALS                                      :
CORPORATION et al.,                                                     :
                                                                        :
                              Defendants.                               :
                                                                        :
------------------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

      On May 13, 2019, *pro se* plaintiff Sean McTerrell filed this action pursuant to 42 U.S.C. § 1983, alleging that he was forcibly medicated and subjected to intrusive medical procedures against his will while at Bellevue Hospital. Dkt. 2. On July 23, 2019, defendant New York City Health and Hospitals Corporation ("HHC"), which operates Bellevue Hospital, filed a motion to dismiss the complaint. Dkt. 12. On September 13, 2019, McTerrell filed papers in opposition to HHC's motion. Dkt. 16. On September 30, 2019, HHC filed a reply memorandum. Dkt. 17.

      On November 26, 2019, the Honorable Stewart D. Aaron, United States Magistrate Judge, issued a Report and Recommendation recommending that HHC's motion to dismiss McTerrell's initial complaint be granted. Dkt. 19. Judge Aaron's November 26, 2019 Report and Recommendation also recommended that the claims against the individual Jane Doe and John Doe defendants be *sua sponte* dismissed without prejudice because McTerrell had failed to provide information to enable HHC and the Court to identify the individual defendants. *Id.* Judge Aaron also recommended that McTerrell be given leave to amend his complaint. *Id.* On

December 19, 2019, McTerrell submitted his objections to the Report. Dkt. 20. On March 30, 2020, this Court adopted Judge Aaron's November 26, 2019 Report and Recommendation in its entirety. Dkt. 22.

McTerrell was thus granted leave to file an amended complaint. Dkt 22. On May 14, 2020, a letter was filed on the ECF docket from McTerrell containing claims against HHC and John and Jane Doe defendants, which the Court construed as McTerrell's amended complaint. Dkts. 25–27. On August 5, 2020, HHC filed a motion to dismiss McTerrell's amended complaint. Dkt. 28. On September 11, 2020, McTerrell filed a response. Dkt. 31.

Before the Court is the September 17, 2020 Report and Recommendation of the Honorable Steward D. Aaron, United States Magistrate Judge. Dkt. 33 ("2020 Report"). The 2020 Report recommends that HHC's motion to dismiss be granted, that the claims against the individual defendants be dismissed with prejudice, and that McTerrell not be given further leave to amend. *Id.* On October 6, 2020, the Court received McTerrell's objections to the 2020 Report. *See* Dkt. 34 ("Objections").

## DISCUSSION

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When specific objections are made, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). To accept those portions of the report to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009) (citing *Wilds v. United*

*Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)); *see also Edwards v. Fischer,* 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citation omitted).  And, "[t]o the extent that the objecting party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the Report and Recommendation for clear error." *Lilley v. Berryhill*, No. 16 Civ. 4396 (PAE), 2017 WL 4236568, at *2 (S.D.N.Y. Sept. 25, 2017).

McTerrell's objections to the 2020 Report consist of general objections and a general articulation of principles governing actions under § 1983.  Because McTerrell's objections do not engage with the specific analysis in the 2020 Report, the Court reviews the objections for clear error and finds none.

In addition to his objections to the 2020 Report, McTerrell requests appointment of pro bono counsel.  *Id.*  Title 28 U.S.C. § 1915(e)(1) affords district courts broad discretion to appoint counsel to represent indigent civil litigants.  *Hodge v. Police Officers,* 802 F.2d 58, 60 (2d Cir. 1986).  However, when deciding whether to appoint pro bono counsel, a district court must give deference to the limited volunteer resources available to serve the interests of the many indigent litigants who pursue claims before it.  Therefore, a district court "should not grant such applications indiscriminatory," but rather exercise restraint when doing so.  *Cooper v. A. Sargenti Co., Inc.,* 877 F.2d 170, 172 (2d Cir. 1989).  And before receiving appointed counsel, indigent civil litigants must "first pass the test of likely merit." *Id*. at 173.  McTerrell has failed to satisfy that requirement.  His application for the appointment of pro bono counsel is accordingly denied.

## CONCLUSION

Careful review of the thorough and well-reasoned 2020 Report reveals that there is no facial error in its conclusions.  The 2020 Report, which is incorporated by reference herein, is

adopted without modification.  HHC's motion to dismiss is granted and the claims against the individual defendants are dismissed with prejudice.  McTerrell's application for the appointment of pro bono counsel is denied.  The Clerk of Court is directed to close this case.

      SO ORDERED.

_____
Paul A. Engelmayer
United States District Judge

Dated: October 7, 2020
       New York, New York